Thomas Dewey EASTON,
Plaintiff—Appellant,

v.

James FALLMAN; Richard Barton; Harlan Watkins; Steven J. Cambra, Jr., Warden; Cal Terhune; James H. Gomez, Director; Michael Taylore; Robert Ayres, Defendants—Appellees,

and

Jeffrey M. Briddle; John Taylor; Linnea M. Hanson, Defendants.

No. 01–16568.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Nov. 21, 2003.

Thomas Dewey Easton, Law Office of Thomas Dewey Easton, Eugene, OR, for Plaintiff–Appellant.

Nicholas R. Kloeppel, Esq., John M. Vrieze, Esq., Mitchell, Brisso, Delaney & Vrieze, Eureka, CA, Jessica N. Blonien, Esq., Brian G. Walsh, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiff Thomas Dewey Easton appeals the district court's adverse judgment in his action brought pursuant to 42 U.S.C. § 1983. Because the parties are familiar with the facts, we recount them only as necessary. We affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Easton alleged that officials from the Del Norte County District Attorney's Office ("County Defendants") withheld exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court granted County Defendants' motion to dismiss on the grounds that they were entitled to absolute immunity. Because Easton has failed to raise an argument on appeal challenging the County Defendants' absolute immunity, we affirm the dismissal of the County Defendants. *See Officers for Justice v. Civil Service Comm'n,* 979 F.2d 721, 726 (9th Cir.1992).

Easton also alleged that prison officials currently or formerly employed by the California Department of Corrections ("State Defendants") violated his First Amendment rights by banning him from visiting prison inmates or sending them mail. The district court granted State Defendants' motion for summary judgment on the ground of qualified immunity.

We review a grant of qualified immunity *de novo. Case v. Kitsap County Sheriff's Dep't,* 249 F.3d 921, 925 (9th Cir.2001). A public official is entitled to qualified immunity unless: (1) plaintiff alleged facts that show a constitutional violation, and (2) it was clearly established at the time that the official's conduct was unlawful. *See Saucier v. Katz,* 533 U.S. 194, 200–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The district court did not decide whether Easton's claim, as reviewed at the stage of summary judgment, represented a constitutional violation. Prison restrictions are usually upheld so long as a valid, rational connection exists between the restriction and the prison's security concerns. *See Overton v. Bazzetta,* — U.S. —, 123 S.Ct. 2162, 2168, 156 L.Ed.2d 162 (2003). The State Defendants appear to have acted reasonably in banning Easton from visiting or communicating with inmates when the Defendants had reason to believe (even if incorrectly) that Easton had done things that placed the lives of some inmates in danger.

But there is and was no controlling authority on First Amendment rights enjoyed by an attorney for an inmate. *Compare Crusoe v. DeRobertis,* 714 F.2d 752, 756–57 (7th Cir.1983) (holding that a paralegal failed to state a First Amendment claim where he was legitimately excluded from a state prison), *with Sturm v. Clark,* 835 F.2d 1009, 1013 (3d Cir.1987) (finding that an attorney properly alleged a constitutional claim where a federal correctional institution's directive prohibited her from speaking to other visitors and to inmates for whom she did not have a visitation permit). The result is that the law was not clearly established, so even if Easton's allegations were sufficient to support a claim of constitutional violation, the State Defendants were properly entitled to qualified immunity, in any event.

**AFFIRMED.**